IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL KOVACH,

    Plaintiff

    v.                                          :   CIVIL NO. 3:CV-13-1099

SUPERINTENDENT KERESTES, ET AL.,            :   (Judge Conaboy)

    Defendants

FILED SCRANTON AUG 0 7 2014 PER ___ DEPUTY CLERK

## MEMORANDUM
### Background

Michael Kovach, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Following service of the Original Complaint Defendants filed respective motions to dismiss. Plaintiff subsequently filed an Amended Complaint. See Doc. 29.

Named as Defendants are the following officials at Plaintiff's former place of confinement the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy): Superintendent John Kerestes; Unit Manager Burnedette Mason; Correctional Officer (CO) Cebulak and Doctor Tony Ianuzzo.[1] According to the Complaint, Plaintiff was placed in an SCI-Mahanoy cell with Inmate Dean Palmer on October 16, 2012. Defendants Kerestes, Mason, and Cebulak were allegedly aware at that time that Palmer had a "history of assaultive behavior" and was designated for single cell placement. See Doc. 29, ¶ 8.

---

1. Doctor Ianuzzo is represented by separate counsel.

During the early morning of October 17, 2012, Plaintiff states that he was sleeping on the top bunk of his cell when he was awakened by Palmer's loud snoring. According to the Amended Complaint, Palmer also woke up, turned on a light, and became restless. When Kovach attempted to go back to sleep, Palmer allegedly poked him in the ear with a pen without provocation.[2] Inmate Palmer continued the attack when Plaintiff attempted to climb out of the top bunk by pulling Kovach to the floor of the cell. After Plaintiff activated the cell's emergency call button, Co Cebulak responded to the incident but despite Palmer's ongoing agitated conduct would not let Plaintiff leave the cell for approximately forty-five (45) minutes until other officers arrived. The Complaint further contends that if CO Ceulak had been making his proper rounds, he could have prevented the attack from occurring. See id. at ¶ 16. The Complaint describes Cebulak's conduct that morning as constituting deliberate indifference.

Plaintiff next contends that Unit Manager Mason acted with deliberate indifference by assigning Palmer, a prisoner with known psychiatric problem, a single cell classification, and a history of assaults, as his cellmate. It is alleged that Superintendent Kerestes also acted with deliberate indifference by allowing Palmer to be housed with another prisoner, and not having a policy which would allow a correctional officer to immediately remove an assault victim such as Kovach from his cell and by not having a doctor on duty or having Kovach transferred to a hospital for immediate treatment.

---

2. Palmer allegedly flushed the pen down the toilet following the assault.

2

After Plaintiff was removed from his cell, he was taken to the prison infirmary where his injuries to his ear and face were examined and cleaned by a nurse assistant.[3] However, because there was no doctor on duty Plaintiff went without treatment from 4:30 a.m. to 8:00 a.m.

When the doctor arrived the following morning, Plaintiff's ear was admittedly stitched and glued "back together." Id. at ¶ 13. However, Kovach alleges that he was denied pain medication until two (2) weeks following the incident by Doctor Iannuzzo. See id. at ¶ 18. Kovach seeks injunctive and declaratory relief as well as compensatory and punitive damages.

Defendant Ianuzzo has responded to the Amended Complaint by filing a motion to dismiss. The unopposed motion (Doc. 33) is ripe for consideration.

### Discussion

Doctor Ianuzzo claims entitlement to entry of dismissal on the grounds that Plaintiff failed to exhaust his available administrative remedies and alternatively because a viable claim of deliberate indifference has not been alleged.

### Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to

---

3. Kovach also indicates that he injured his back.

the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556.

A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 1950.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that

4

discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Administrative Exhaustion**

Doctor Ianuzzo states that the only grievance filed by Plaintiff regarding the incident did not name, mention, or discuss Ianuzzo. See Doc. 34, p. 6. Consequently, the moving Defendant concludes that the claims against him are subject to dismissal on the basis of non-exhaustion.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v.

5

Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[4] The United States Supreme Court in Jones noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004). As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed

---

4. In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

6

that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75. A subsequent decision by the Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

A Consolidated Inmate Grievance Review System has been established by the Pennsylvania Department of Corrections ("DOC").[5] Section V of DC-ADM 804 (effective December 8, 2010) states that "every individual committed to its custody shall have access to a formal procedure through which to seek the resolution of problems or other issues of concern arising during the course of confinement." See Doc. 29, p. 8. It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section VI ("Procedures") of DC-ADM 804 provides that, after attempted

---

5. The DOC's grievance system has been periodically amended.

7

informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days to the Facility Manager or Superintendent. A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. However, an improperly submitted grievance will not be reviewed..

A liberal reading of the pro se Amended Complaint indicates that Plaintiff's claims against Doctor Ianuzzo are twofold. First, Kovach contends that there was deliberate indifference because he had to wait approximately four (4) hours before being treated by Ianuzzo. Second, it is asserted that Ianuzzo acted improperly by failing to prescribe pain medication for the Plaintiff for a two week period.

It is undisputed that Plaintiff filed a single administrative grievance regarding the events underlying the Amended Complaint. With respect to Doctor Ianuzzo, that grievance indicated only that Plaintiff was experiencing pain as a result of the attack and wanted to be treated by an outside physician. Given the liberal treatment afforded to pro se filings, this Court is

8

satisfied that the substance of Plaintiff's claim of being denied pain medication for two weeks was adequately raised in the grievance and the request for dismissal on the basis of non-exhaustion of that claim will be denied.

However, with respect to the apparent, admittedly vague, claim that Doctor Ianuzzo was deliberately indifferent for not providing earlier treatment to Plaintiff on the morning of his injury, it is clear that said assertion was not included in Kovach's administrative grievance and is therefore subject to dismissal for failure to exhaust administrative remedies.

Accordingly the unopposed non-exhaustion argument will be granted in part and Kovach's claim that Doctor Ianuzzo was deliberately indifferent for not providing earlier treatment will be dismissed for non-exhaustion.[6]

**Deliberate Indifference**

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of

---

6. It is also noted that since there are no facts asserted that Doctor Ianuzzo was notified prior to coming to work of the Plaintiff's need for treatment, a viable basis for a claim of deliberate indifference has not been set forth in the Amended Complaint.

9

medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect to the serious medical need requirement, Plaintiff's allegation that his ear had to be stitched and glued back together arguably satisfies the serious medical need requirement at this juncture in the proceedings. However, Plaintiff's other injuries which are characterized as bruising to his face and back do not. See Wesson v. Igelsby, 910 F. 2d 278, 284 (5th Cir. 1990)(swollen wrists not a serious medical need); and Price v. Engert, 589 F. Supp.2d 240, 246 (W.D.N.Y. 2008)(wrist and hand injuries do not satisfy the serious medical need requirement).

With respect to the subjective deliberate indifference component of Estelle, the proper analysis for deliberate indifference is whether a prison official "acted or failed to act

10

despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

It is undisputed that upon his arrival at the prison Doctor Ianuzzo timely and properly treated Plaintiff's ear injury. The only remaining assertion is a vague claim that pain medication was not given to Inmate Kovach until two (2) weeks after the incident. Plaintiff has not opposed the motion to dismiss. Rather, Plaintiff vaguely indicates only that Ianuzzo "refused to fulfill any of Plaintiff's request [sic] for medications." See Doc. 29, ¶ 18.

The vague assertion that pain medication was not prescribed, at best, would represent Kovach's disagreement with the quality of

11

the medical care provided to him, a claim which is not actionable in a civil rights action. See Johnson v. Watson, 303 Fed Appx. 79, 81 (3d Cir 2008)(a disagreement as to what type of pain medication should be prescribed doe not set forth viable deliberate indifference claim); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986)(medical negligence does not expose a defendant to liability under § 1983). Simply put, "[a]llegations of negligent treatment are medical malpractice claims, and do not trigger constitutional protections." Whooten v. Bussanich, No. 07-1441. It is noted that there is no claim that the failure to grant Plaintiff's request for medication was motivated by any non-medical reason.

If pain medication was prescribed by Ianuzzo but not provided, Plaintiff would arguably have a claim against any individual responsible for the failure to provide prescribed medication. However, a determination by a physician that pain medication should not be prescribed, does not by itself establish deliberate indifference. The moving Defendant's unopposed motion to dismiss will be granted. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 7TH, 2014